UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CRAIG CUNNINGHAM,<br>Plaintiff,<br><br>v.<br><br>JP3 Enterprises, LLC, DBA My Vehicle Protection, Ensurety Ventures, LLC, dba Omega Auto Care, Lyndon Southern Insurance Company, EGV Companies, Inc., Auto Knight Motor Club, Inc., EFS Companies ,LLC, James William Pyant<br><br>Defendant | §§§§§§§§§§ | 4:19cv902-ALM-CAN |

FILED
DEC 0 6 2019
Clerk, U.S. District Court
Texas Eastern

**Plaintiff's Original Complaint and Jury Demand**

**Parties**

1. The Plaintiff is Craig Cunningham and natural person and was present in Texas for all calls in this case in Collin County.

2. JP3 Enterprises, LLC, DBA My Vehicle Protection, is a Missiouri Corporation operating from 317 Chalmers St., St Peters, MO 63376 and can be served via registered agent James William Pyant at the address above.

3. James William Pyant is a natural person who can be served at 317 Chalmers St., St Peters, MO 63376

4. Ensurety Ventures, LLC, dba Omega Auto Care, is a Missiouri corporation that can be served via Reg Agent Stephen J. Smith, 825 Maryville Centre Drive, ste 300, Town and Country, MO 63017.

5. Lyndon Southern Insurance Company is a Florida corporation that can be served via Reg Agent CORPORATE CREATIONS NETWORK INC., 11380 PROSPERITY FARMS ROAD #221E PALM BEACH GARDENS, FL 33410

6. EGV Companies, Inc., is a Texas corporation that can be served via Reg agent CT Corporation System 1999 Bryan St., ste 900, Dallas, Tx 75201.

7. Auto Knight Motor Club, Inc., is a Florida corporation that can be served via Reg Agent CORPORATE CREATIONS NETWORK INC. 11380 PROSPERITY FARMS ROAD #221E PALM BEACH GARDENS, FL 33410

8. EFS Companies ,LLC is a Texas corporation that can be served via Reg Agent CT Corporation System, 1999 Bryan St., ste 900, Dallas, Tx 75201 or CT Corporation System 1200 S. Pine Island Rd., Plantation, FL 33324.

9. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

## JURISDICTION AND VENUE

10. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

11. **Personal Jurisdiction.** This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and the sell goods and services to Texas residents, including the Plaintiff.

12. This Court has specific personal jurisdiction over the defendants because the calls at issue were sent by or on behalf of the Defendants and involved a Texas based company selling car warranties to Texas based consumers.

13. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2)

because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. residing in the Eastern District of Texas when he recieved a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

14. This Court has venue over the defendants because the calls at issue were sent by or on behalf of the above named defendants to the Plaintiff a Texas resident.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

15. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

16. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

17. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

18. The TCPA provides a private cause of action to persons who receive calls in violation

of § 227(b). 47 U.S.C. § 227(b)(3).

19. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

20. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

21. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

22. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

23. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

agreement be executed as a condition of purchasing any good or service.

24. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

25. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

26. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

27. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## The Texas Business and Commerce Code 305.053

28. The Texas Business and Commerce code has an analogus portion that is related to the TCPA and was violated in this case.

29. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## FACTUAL ALLEGATIONS

30. This case relates to unsolicited telemarketing calls to the Plaintiff to buy an extended car warranty for the benefit of all the named defendants in this case.

### Calls to the Plaintiff

31. Mr. Cunningham received multiple calls from a variety of spoofed caller ID's that contained a pre-recorded message and were initiated using an automated telephone dialing system. The calls were on behalf of the named defendants. The calls had a delay of 3-4 seconds of dead air before the pre-recorded message began indicating the calls were initiated using an ATDS. The calls were to ***-***-1977

32. The calls contained a pre-recorded message and the caller ID was spoofed, and the Plaintiff alleges the following calls below at a minimum:

| My Vehicle Protection | | | | | to 615-348-1977 |
|---|---|---|---|---|---|
| 10/21/2019 | call | (615) 241-8450 | 51s | inbound | wifi |
| 10/21/2019 | call | (615) 241-8450 | 54s | inbound | cell |
| 10/18/2019 | call | (615) 241-8450 | 14s | inbound | wifi |
| 10/18/2019 | call | (615) 241-8450 | 1m 8s | inbound | wifi |
| 10/17/2019 | call | (615) 241-8450 | 44s | inbound | cell |
| 10/15/2019 | call | (615) 241-8450 | 10m 54s | inbound | cell |
| 10/14/2019 | call | (615) 241-8450 | 15s | inbound | wifi |
| 10/11/2019 | call | (615) 241-8450 | 20 | inbound | cell |
| 10/11/2019 | call | (615) 241-8450 | 1m 9s | inbound | cell |
| 10/11/2019 | call | (615) 241-8450 | 55s | inbound | wifi |
| 10/10/2019 | call | (615) 241-8450 | 34s | inbound | wifi |
| 10/10/2019 | call | (615) 241-8450 | 15s | inbound | wifi |
| 10/10/2019 | call | (615) 241-8450 | 24s | inbound | wifi |

| | 10/10/2019 | call | (615) 241-8450 | 1m 10s | inbound | wifi |

33. The Plaintiff was emailed a policy with the number **MVP50806** and contained the names of each of the listed defendants in the handbook indicating that the policy was for each of their benefit and on their behalf.

34. These calls were not related to any emergency purpose.

35. The defendants did not have an internal do not call policy, did not place the Plaintiff on an internal do not call policy, in violation of 47 CFR 64.1200(d).

36. The Plaintiff had previously complained of illegal telemarketing calls involving several of the Defendants including Omega Auto care, roughly a year ago, and despite this additional calls were placed to the Plaintiff.

37. Mr. Cunningham has limited data storage capacity on his cellular telephone. Incoming calls from the defendants consumed part of this capacity.

38. No emergency necessitated the calls

39. Each call was sent by an ATDS.

**JP3 Enterprises, LLC, DBA My Vehicle Protection and James Pyant's Knowing and Willful Violations of Telemarketing Regulations**

40. Mr. Cunningham asked for an internal do-not-call policy from the defendants, but none was provided.

41. **JP3 Enterprises, LLC, DBA My Vehicle Protection and James Pyant's** knowingly violated the TCPA by initiating automated calls with pre-recorded messages to the Plaintiff, as they were previously sued in Federal court for violating the TCPA.

42. **JP3 Enterprises, LLC, DBA My Vehicle Protection and James Pyant's** did not

have a written do-not-call policy while it was sending Mr. Cunningham text messages.

43. **JP3 Enterprises, LLC, DBA My Vehicle Protection and James Pyant's** did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

44. **JP3 Enterprises, LLC, DBA My Vehicle Protection and James Pyant's** calls did not provide Mr. Cunningham with the name of the individual caller or the name of the person or entity on whose behalf the call was being made.

### The Plaintiff's cell phone is a residential number

45. The text messages were to the Plaintiff's cellular phonne \*\*\*-\*\*\*-1977 which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

### Violations of the Texas Business and Commerce Code 305.053

46. The actions of the defendants violated the Texas Business and Commerce Code 305.053 by placing automated calls to a cell phone which violate 47 USC 227(b). The

calls by the Defendants and her corporation violated Texas law by placing calls with a pre-recorded message to a cell phone which violate 47 USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e).

47. The calls by the defendants violated Texas law by spoofing the caller ID's per 47 USC 227(e) which in turn violates the Texas statute.

## I. FIRST CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

### (Against All Defendants)

1. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent.

3. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5. Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

### (Against All Defendants)

6. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

    a. a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1);[2]

    b. training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

    c. in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

8. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

10.    Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and AFS's name in the solicitations.

### III. THIRD CLAIM FOR RELIEF: Violations of The Texas Business and Commerce Code 305.053

11.    Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12.    The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

13.    Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

14.    Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053(c)**.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for 30 calls.

E. An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F. An award to Mr. Cunningham of damages, as allowed by law under the TCPA;

G. An award to Mr. Cunningham of interest, costs and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

Craig Cunningham
Plaintiff,                    12/6/2019

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075