IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Craig Cunningham, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 4:19-CV-00902-ALM-CAN |
| v. ) | |
| ) | |
| JP3 Enterprises, LLC, d/b/a My Vehicle ) | |
| Protection; Ensurety Ventures, LLC, d/b/a ) | |
| Omega Auto Care, LLC; Lyndon Southern ) | |
| Insurance Company; EGV Companies, Inc.; ) | |
| Auto Knight Motor Club, Inc.; EFS ) | |
| Companies, LLC; James William Pyant, ) | |
| Drew Gomberg, Suncoast Merchant Services, ) | |
| Inc. ) | |
| | |
| Defendants. | |

**DEFENDANTS LYNDON SOUTHERN INSURANCE COMPANY AND AUTO KNIGHT MOTOR CLUB, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Lyndon Southern Insurance Company ("Lyndon") and Auto Knight Motor Club, Inc. ("AKMC") hereby respond to the Amended Complaint and Jury Demand (Dkt. 44) ("Amended Complaint") filed by Plaintiff Craig Cunningham ("Plaintiff"), as follows:

1. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint and, therefore, deny the allegations.

2. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint and, therefore, deny the allegations.

3. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint and, therefore, deny the allegations.

4. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint and, therefore, deny the allegations.

5. Lyndon and AKMC deny that Lyndon is a Florida corporation but admit the remaining allegations in paragraph 5 of the Amended Complaint.

6. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint and, therefore, deny the allegations.

7. Lyndon and AKMC deny that AKMC is a Florida corporation but admit the remaining allegations in paragraph 7 of the Amended Complaint.

8. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint and, therefore, deny the allegations.

9. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint and, therefore, deny the allegations.

10. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint and, therefore, deny the allegations.

11. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint and, therefore, deny the allegations.

12. Lyndon and AKMC admit that Plaintiff alleges federal and state statutory claims but deny the remaining allegations and legal conclusions in paragraph 12 of the Amended Complaint.

13. Lyndon and AKMC deny the allegations in paragraph 13 of the Amended Complaint.

14. Lyndon and AKMC deny the allegations in paragraph 14 of the Amended Complaint.

15. Lyndon and AKMC deny the allegations in paragraph 15 of the Amended Complaint.

16. Lyndon and AKMC deny the allegations in paragraph 16 of the Amended Complaint.

17. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 17 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 17 of the Amended Complaint.

18. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 18 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 18 of the Amended Complaint.

19. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 19 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 19 of the Amended Complaint.

20. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 20 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 20 of the Amended Complaint.

21. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 21 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 21 of the Amended Complaint.

22. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 22 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 22 of the Amended Complaint.

23. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 23 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 23 of the Amended Complaint.

24. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 24 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 24 of the Amended Complaint.

25. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 25 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 25 of the Amended Complaint.

26. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 26 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 26 of the Amended Complaint.

27. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 27 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 27 of the Amended Complaint.

28. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 28 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 28 of the Amended Complaint.

29. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 29 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 29 of the Amended Complaint.

30. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 30 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 30 of the Amended Complaint.

31. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 31 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 31 of the Amended Complaint.

32. Lyndon and AKMC admit Plaintiff purports to assert claims related to unsolicited telemarketing calls. Lyndon and AKMC deny the remaining allegations contained in paragraph 32 of the Amended Complaint.

33. Lyndon and AKMC deny that any calls were made "on behalf of" Lyndon or AKMC. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Amended Complaint and, therefore, deny the allegations.

34. Lyndon and AKMC deny that they contracted with Ensurety Ventures, LLC to provide the services described in paragraph 34 of the Amended Complaint. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Amended Complaint and, therefore, deny the allegations.

35. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint and, therefore, deny the allegations.

36. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Amended Complaint and, therefore, deny the allegations.

37. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Complaint and, therefore, deny the allegations.

38. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Amended Complaint and, therefore, deny the allegations.

39. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Amended Complaint and, therefore, deny the allegations.

40. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint and, therefore, deny the allegations.

41. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint and, therefore, deny the allegations.

42. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint and, therefore, deny the allegations.

43. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint and, therefore, deny the allegations.

44. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint and, therefore, deny the allegations.

45. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Amended Complaint and, therefore, deny the allegations.

46. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint and, therefore, deny the allegations.

47. Lyndon and AKMC deny the allegations in paragraph 47 as to Lyndon and AKMC. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint and, therefore, deny the allegations.

48. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint and, therefore, deny the allegations.

49. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint and, therefore, deny the allegations.

50. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint and, therefore, deny the allegations.

51. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Complaint and, therefore, deny the allegations.

52. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Amended Complaint and, therefore, deny the allegations.

53. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Complaint and, therefore, deny the allegations.

54. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Amended Complaint and, therefore, deny the allegations.

55. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 55 of the Amended Complaint and, therefore deny the allegations.  Lyndon denies the remaining allegations in paragraph 55 of the Amended Complaint.

56. Lyndon and AKMC deny the allegations in paragraph 56 of the Amended Complaint.

57. Lyndon and AKMC deny the allegations in paragraph 57 of the Amended Complaint.

58. Lyndon and AKMC deny the allegations in paragraph 58 of the Amended Complaint.

59. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Amended Complaint and, therefore, deny the allegations.

60. Lyndon and AKMC deny the allegations in paragraph 60 of the Amended Complaint.

61. Lyndon and AKMC deny the allegations in paragraph 61 of the Amended Complaint.

62. Lyndon and AKMC deny the allegations in paragraph 62 of the Amended Complaint.

63. Lyndon and AKMC deny the allegations in paragraph 63 of the Amended Complaint.

64. Lyndon and AKMC deny the allegations in paragraph 64 of the Amended Complaint.

65. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Amended Complaint and, therefore, deny the allegations.

66. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Amended Complaint and, therefore, deny the allegations.

67. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Amended Complaint and, therefore, deny the allegations.

68. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Amended Complaint and, therefore, deny the allegations.

69. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Amended Complaint and, therefore, deny the allegations.

70. Lyndon and AKMC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Amended Complaint and, therefore, deny the allegations.

71. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 71 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the allegations contained in paragraph 71 of the Amended Complaint.

72. Lyndon and AKMC neither admit nor deny the legal conclusions in paragraph 72 of the Amended Complaint. To the extent a response is required, Lyndon and AKMC deny the legal conclusions in paragraph 72 of the Amended Complaint.

## I. FIRST CLAIM FOR RELIEF

1. Lyndon and AKMC incorporate their responses to paragraphs 1 through 72 of the Amended Complaint as if fully set forth herein.

2. Lyndon and AKMC deny the allegations in paragraph 2 of the First Claim for Relief.

3. Lyndon and AKMC deny the allegations in paragraph 3 of the First Claim for Relief.

4. Lyndon and AKMC deny the allegations in paragraph 4 of the First Claim for Relief.

5. Lyndon and AKMC admit that Plaintiff purports to seeks injunctive relief, but deny that such relief is available. Lyndon and AKMC therefore deny the allegations in paragraph 5 of the First Claim for Relief.

## II. SECOND CLAIM FOR RELIEF

6. Lyndon and AKMC incorporate their responses to paragraphs 1 through 72 of the Amended Complaint and paragraphs 1-5 of the First Claim for Relief, as if fully set forth herein.

7. Lyndon and AKMC deny the allegations in paragraph 7 of the Second Claim for Relief.

8. Lyndon and AKMC deny the allegations in paragraph 8 of the Second Claim for Relief.

9. Lyndon and AKMC deny the allegations in paragraph 9 of the Second Claim for Relief.

10. Lyndon and AKMC admit that Plaintiff seeks injunctive relief, but deny that such relief is available. Lyndon and AKMC therefore deny the allegations in paragraph 10 of the Second Claim for Relief.

### III. THIRD CLAIM FOR RELIEF:

11. Lyndon and AKMC incorporate their responses to paragraphs 1 through 72 of the Amended Complaint and paragraphs 1 through 10 of the above Claims for Relief as if fully set forth herein.

12. Lyndon and AKMC deny the allegations in paragraph 12 of the Third Claim for Relief.

13. Lyndon and AKMC deny the allegations paragraph 13 of the Third Claim for Relief.

14. Lyndon and AKMC deny the allegations in paragraph 14 of the Third Claim for Relief.

### IV. PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Lyndon and AKMC admit that Plaintiff seeks such relief but deny that Plaintiff is entitled to any of it.

As to any part of the Amended Complaint not specifically admitted or denied above with respect to Lyndon and/or AKMC, Lyndon and AKMC hereby deny said allegations, including, but

not limited to, any allegations contained in the Amended Complaint's preamble, headings, subheadings, footnotes and wherefore clause. Furthermore, any allegations in the Amended Complaint to which no response is required are hereby denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Lyndon and AKMC assert the following defenses to the Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff expressly consented to, ratified, and/or acquiesced in receiving the subject alleged telephone calls.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim on which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing because Plaintiff did not suffer the requisite harm required to confer standing under Article III of the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff is pursuing this litigation to enrich himself by seeking disproportionate payments from Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited because the alleged damages to Plaintiff were caused in whole or in part by the acts or omissions of third parties who were not agents of Lyndon or AKMC, over which Lyndon or AKMC exercised no control or authority, and for whose conduct Lyndon and AKMC are not responsible.

#### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited to the extent any telephone calls that are alleged to have violated the TCPA are exempt from liability under the TCPA and/or the rules and regulations proscribed by the Federal Communications Commission.

#### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim against Lyndon or AKMC upon which relief can be granted because Lyndon and AKMC did not and do not place calls using an ATDS as alleged in the Amended Complaint, and the calls at issue were not placed using an ATDS.

#### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged subject telephone calls, to the extent even made, complied with the requirements set forth in 47 C.F.R. §64.1200.

#### NINTH AFFIRMATIVE DEFENSE

Lyndon and AKMC did not knowingly or willfully make the alleged subject telephone calls or any other alleged telephone calls in violation of the TCPA.

#### TENTH AFFIRMATIVE DEFENSE

Lyndon and AKMC did not negligently make the alleged subject telephone calls or any other alleged calls in violation of the TCPA.

#### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are *de minimis* and non-actionable.

#### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrine of estoppel.

#### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrine of waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint and each and every purported cause of action therein that Plaintiff seeks to allege are barred because any alleged wrongdoing by Lyndon or AKMC, which Lyndon and AKMC deny, was caused by mistake.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate his damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Lyndon and AKMC acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by them at the time they acted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the subject telephone calls constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such telephone calls violates the First Amendment rights of Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the alleged subject telephone calls were not made by equipment with capacity to generate random telephone numbers to be dialed and therefore, the equipment cannot be considered an ATDS.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because any purported damages and/or injury alleged to have been suffered by Plaintiff was self-induced and/or created by Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief are barred, in whole or in part, because there is neither continuing harm nor any real and immediate danger of injury in the future to the Plaintiff.

### TWENTY FIRST AFFIRMATIVE DEFENSE

The district court lacks personal jurisdiction over Lyndon and AKMC. Therefore, the claims against Lyndon and AKMC should be dismissed.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief are barred, in whole or in part, because there is neither continuing harm nor any real and immediate danger of injury in the future to the Plaintiff.

### TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for attorneys' fees fail, in whole or in part, because said claims are not available as pled under the TCPA or the Texas Commerce Code and because Plaintiff, as a *pro so* litigant, is not entitled to attorneys' fees.

### RESERVATION OF RIGHTS

Lyndon and AKMC reserve the right to amend or add to their affirmative defenses upon discovery of new information or evidence or as justice so requires.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in the Amended Complaint, Defendants Lyndon Southern Insurance Company and Auto Knight Motor Club, Inc. seek the following relief:

(1) That Plaintiff be awarded no damages and that this Action be dismissed in its entirety with prejudice;

(2) That judgment be rendered in favor of Defendants, Lyndon Southern Insurance Company and Auto Knight Motor Club;

(3) That, to the extent authorized by law, attorneys' fees and costs incurred in this Action be awarded to Defendants, Lyndon Southern Insurance Company and Auto Knight Motor Club; and

(4) That Defendants Lyndon Southern Insurance Company and Auto Knight Motor Club be awarded such further and other relief as the Court deems just and proper.

Dated:  May 8, 2020.                    **KILPATRICK TOWNSEND & STOCKTON LLP**

/s/   Raymond T. Fischer
Raymond T. Fischer
Texas Bar No. 24038446
rfischer@kilpatricktownsend.com
2001 Ross Avenue, Suite 4400
Dallas, Texas  75201
Phone: (214) 922-7100
Fax:    (214) 922-7101

/s/   Jeffrey H. Fisher
James F. Bogan III, lead attorney
Georgia Bar No. 065220
*Admitted Pro-Hac Vice*
jbogan@kilpatricktownsend.com
Jeffrey H. Fisher
Georgia Bar No. 981575
*Admitted Pro-Hac Vice*
jfisher@kilpatricktownsend.com
KILPATRICK TOWNSEND
   & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Phone:  (404) 815-6500
Fax:     (404) 815-6555

*Counsel for Defendants Lyndon Southern Insurance Company & Auto Knight Motor Club, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I filed the foregoing with the Clerk of the Court via CM/ECF on this 8th day of May, 2020. I also certify that the foregoing document is being served this day on all counsel of record and parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. mail and email for those counsel or Parties who are not authorized to receive Notices of Electronic Filing electronically.

By: */s/ Jeffrey H. Fisher*
      Jeffrey H. Fisher